IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SERRA NISSAN OLDSMOBILE, INC.,** et al., | ] |
| Plaintiffs, | ] |
| v. | ]  2:24-cv-1716-ACA |
| **ID AUTO SALES, INC.,** et al., | ] |
| Defendants. | ] |

## MEMORANDUM OPINION

Non-party Zachary Hopkins sued Plaintiffs Serra Nissan Oldsmobile, Inc., and Serra Automotive Management Group, Inc. (collectively, "Serra") after learning that a car he had purchased from them had an inaccurate odometer. Serra then sued Defendants Christopher Burt, Brooklyn Duane Holiday, Pauletta J. Holiday, Brooklyn Dwight Holiday, Jr.,[1] Alvin Lee Stabler, and Victory Lien Services, LLC, alleging that they were involved in a conspiracy to commit title fraud, which led Serra to sell the car to Mr. Hopkins with an inaccurate title and odometer. (Doc. 96). Serra asserts the following claims against Mr. Burt: (1) fraud/misrepresentation ("Count One"); (2) violation of the Vehicle Information and Cost Savings Act

---

[1] Every reference to "Mr. Holiday" in this opinion is to Brooklyn Dwight Holiday, Jr.

("Odometer Act"), 49 U.S.C. §§ 32703(2), 32705 ("Count Two"); and (3) civil conspiracy ("Count Three").[2] (*Id.* ¶¶ 25–104).

Mr. Burt moves to dismiss the claims against him for lack of standing, under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, under Rule 12(b)(6). (Doc. 102). Because Serra has standing, the court **WILL DENY** the motion to dismiss for lack of subject matter jurisdiction. Because Serra failed to allege any facts supporting plausible claims that Mr. Burt engaged in fraud, violation of the Odometer Act, or civil conspiracy, the court **WILL GRANT** the motion to dismiss for failure to state a claim and **WILL DISMISS** Counts One, Two, and Three against Mr. Burt **WITH PREJUDICE**.

## I. BACKGROUND

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Likewise, if a defendant moving for dismissal under Rule 12(b)(1) argues only that a complaint does not sufficiently allege a basis for subject matter jurisdiction, the court takes the complaint's allegations as true. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–36 (11th Cir. 2013). But when a defendant mounts a "factual challenge to subject matter jurisdiction, a

---

[2] The other counts name only Mr. Holiday as a defendant. (Doc. 96 ¶¶ 110, 121).

2

district court can consider extrinsic evidence" and weigh the facts to determine whether it may exercise jurisdiction. *Id.* at 1336 (quotation marks omitted).

In this case, Mr. Burt bases both his Rule 12(b)(1) and his Rule 12(b)(6) motion on the second amended complaint. (*See* doc. 102). In response, Serra seeks to introduce evidence supporting both standing and the merits of its claims. (*See* doc. 104; *see, e.g.*, doc. 106 at 4–5, 12, 14–19, 23). The court has reviewed the evidence and finds it is not necessary to the standing analysis. Moreover, the court cannot consider the evidence in connection with the merits at this stage. *See* Fed. R. Civ. P. 12(d); *Jones v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024). So the court draws its description of the relevant facts entirely from the second amended complaint.

In August 2019, Mr. Burt purchased a car that had an odometer reading of ten miles. (Doc. 96 ¶¶ 26–27). At some time between March 2021 and July 2021, Mr. Burt transferred the car to Pauletta Holiday, but neither of them recorded the transfer anywhere. (*Id.* ¶¶ 30–31). At some time between July 2021 and September 2021, Id Auto Sales, Inc. acquired the car, again without any record of the transfer. (*Id.* ¶¶ 33–34).

On September 10, 2021, Mr. Stabler applied for an Indiana title for the same car. (*Id.* ¶ 51). On September 21, 2021, Id Auto Sales sold the car to Mr. Holiday (the son of Ms. Holiday). (Doc. 96 ¶¶ 35–36). Mr. Holiday immediately applied to

"transfer" title from Georgia to Alabama, even though Georgia had never issued a title for the car. (*Id.* ¶¶ 38–39). Alabama issued a title for the car the same day, listing a mileage of 45,900. (*Id.* ¶¶ 41–42; *id.* at 61).

On September 27, 2021, Mr. Holiday sold the car to Serra Nissan, providing the new Alabama title. (Doc. 96 ¶ 43). When Serra bought the car, the odometer showed a mileage of 55,424. (*Id.* ¶ 45). In October 2021, Indiana issued a title for the same car in Mr. Stabler's name, even though the car had never been in Indiana. (*Id.* ¶¶ 22, 51, 55). That title labels the odometer brand as "Not Actual Reading" and lists a mileage of 30,150. (*Id.* ¶ 56).

In November 2021, Serra sold the car to Mr. Hopkins. (Doc. 96 ¶ 49). Mr. Hopkins later sued Serra, alleging that Serra acted negligently, engaged in fraud, and violated the Odometer Act by failing to disclose the actual mileage, providing false disclosures, and selling the car without a clear chain or title and with an altered odometer. (*Id.* ¶¶ 15–16).

## II. DISCUSSION

Mr. Burt moves to dismiss on the grounds that Serra lacks standing and Serra has not stated a claim against him. (Doc. 102). The court will begin with standing.

1. Standing

Article III of the U.S. Constitution requires that the court "adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472,

477 (1990). Standing is one component of the case-or-controversy requirement. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing, Serra must demonstrate that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. At the dismissal stage of litigation, the court must assume that Serra will succeed on the merits of its claims. *Culverhouse v. Paulson & Co.*, 813 F.3d 991, 994 (11th Cir. 2016).

Mr. Burt argues that Serra lacks standing because it failed to plead with particularity that he made any false statements to Serra or a third party or that Serra reasonably relied on any misrepresentations by him. (Doc. 102 at 7–11). But those arguments improperly conflate Serra's standing with whether it has stated a claim. (*See id.* at 7–11); *see Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1280 (11th Cir. 2001) ("[S]tanding . . . is a threshold determination that is conceptually distinct from whether the plaintiff is entitled to prevail on the merits."). Serra has alleged facts establishing it suffered an injury in fact (buying, selling, and being sued for selling a car with defective title and a false odometer reading), traceable to Mr. Burt (because he was involved in a conspiracy to alter the odometer reading and commit title fraud), and redressable by a favorable judicial decision (in the form of damages). (*See* doc. 96 ¶¶ 12–104). Accordingly, the court **WILL DENY** the motion to dismiss Serra's complaint for lack of standing.

5

"If a jurisdictional challenge does implicate the merits of the underlying claim then . . . [t]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (alteration accepted; quotation marks omitted). Accordingly, the court will address Mr. Burt's arguments about the correct pleading standard in connection with the Rule 12(b)(6) part of his motion.

2. Merits

To survive a Rule 12(b)(6) motion, a party must "plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted). The court will address each of the three claims against Mr. Burt in turn.

a. Fraud/Misrepresentation

In Count One, Serra alleges that Mr. Burt engaged in fraud and misrepresentation because he transferred the car to Ms. Holiday without recording

6

the transfer anywhere, causing "interference with the chain of title and the actual known mileage" of the car. (Doc. 96 ¶¶ 25–31, 59–60). Mr. Burt moves to dismiss on the grounds that: (1) Serra has not pleaded fraud with particularity, as required by Federal Rule of Civil Procedure 9(b); (2) Serra has not pleaded that Mr. Burt made any misrepresentations to it or anyone else; and (3) Serra has not pleaded how it reasonably relied on any misrepresentations Mr. Burt might have made. (Doc. 102 at 7–14). Because the court agrees that Serra has not pleaded any misrepresentations by Mr. Burt, the court will not address the Rule 9(b) pleading standard or reliance.

Under Alabama law, the elements of a fraudulent misrepresentation claim are "(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Padgett v. Hughes*, 535 So. 2d 140, 142 (Ala. 1988). Serra's only allegations specific to Mr. Burt are that he purchased the car in 2019 when it had ten miles on it, and he transferred the car to Ms. Holiday sometime between March and July 2021 without recording the transfer. (Doc. 96 ¶¶ 26–27, 30–31). Even construed in the light most favorable to Serra, these allegations are not sufficient to plausibly suggest that Mr. Burt misrepresented anything to anyone. *See Butler*, 685 F.3d at 1265. Accordingly, the court **WILL GRANT** the motion to

dismiss Count One and **WILL DISMISS** that claim **WITH PREJUDICE**.[3]

      *b. Odometer Act*

In Count Two, Serra asserts that Mr. Burt violated the Odometer Act, 49 U.S.C. §§ 32703, 32705, by altering the car's odometer and selling the car with the intent to defraud later purchasers. (Doc. 96 at ¶¶ 79–81, 84–86).

The Odometer Act prohibits the alteration of a motor vehicle with intent "to change the mileage registered by the odometer." 49 U.S.C. § 32703(2). It also requires that "a person transferring ownership of a motor vehicle" provide a written disclosure of either "the cumulative mileage registered on the odometer" or "that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled." *Id.* § 32705(a)(1). The statute creates a private right of action based on violations committed "with intent to defraud." *Id.* § 32710(a), (b); *see Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005) ("[T]he necessary elements required for

---

[3] Serra first brought its claims against Mr. Burt in January 2024. (Doc. 2). In March 2024, Mr. Burt filed a *pro se* answer setting out his position about what happened to the car. (Doc. 5). In August 2024, Mr. Burt filed a *pro se* motion to be dismissed from the action based on the same allegations he made in his *pro se* answer. (Doc. 30). Serra filed an amended third party complaint in September 2024, which did not substantively alter or add to the allegations against Mr. Burt (doc. 33), but which did moot Mr. Burt's motion (doc. 38). In December 2024, the court severed Serra's third party claims, creating this action. (Doc. 1). In June 2025, Serra filed a second amended complaint, which again did not substantively alter or add to the allegations about Mr. Burt. (Doc. 96). Despite this procedural history, Serra has never added any allegations relevant to the claims against Mr. Burt. Accordingly, the court finds that dismissal of this claim, and the rest, should be with prejudice.

a private cause of action pursuant to this statute [are]: (1) that the defendant violated the Act or its regulations, (2) with intent to defraud.").

Mr. Burt contends that this claim fails because (1) Serra alleged that Mr. Burt "transferred" the car to Ms. Holiday but not that he "sold" it to her; (2) Serra did not plead the Odometer Act claim with particularity; and (3) Serra did not plead that he had any intent to defraud Serra. (Doc. 102 at 7–11, 15–16). Because the court agrees that Serra has not pleaded intent to defraud, the court does not address Mr. Burt's other arguments.

Serra's only allegation that could be construed to relate to Mr. Burt's knowledge of the car's mileage is that when he purchased the car in 2019, the odometer reflected that the car had traveled ten miles. (Doc. 96 ¶ 61). None of Serra's allegations about the subsequent transfers of the car and odometer readings relate to Mr. Burt in any way. (*See id.* ¶¶ 62, 64, 67–69, 73). Serra's allegations that Mr. Burt "intentionally altered the [car]'s odometer with the intent to change the mileage" (*id.* ¶ 82) or "with intent to defraud subsequent purchasers" (*id.* ¶¶ 84–85) and that he "knew or had reason to know the inaccuracy of the odometer at the time the [car] was sold to Serra Nissan" (doc. 96 ¶ 86) are the type of "conclusory allegations, unwarranted deductions of fact[,] or legal conclusions masquerading as facts" that this court may not consider on a motion to dismiss, *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020). Accordingly, the court **WILL**

**GRANT** the motion to dismiss Count Two and **WILL DISMISS** that count **WITH PREJUDICE**.

      *c. Civil Conspiracy*

In Count Three, Serra asserts that Mr. Burt conspired with the other defendants "to fraudulently obtain Alabama [t]itle to the [car] with the intent to deceive Serra Nissan." (Doc. 96 ¶ 96).

Mr. Burt contends that because the other claims against him fail, so does the conspiracy claim. (Doc. 102 at 16). Under Alabama law, "a civil-conspiracy claim cannot exist in the absence of the underlying tort claims." *Heining v. Abernathy*, 295 So. 3d 1032, 1040 (Ala. 2019). Because the fraud and Odometer Act claims brought against Mr. Burt fail, the conspiracy claim against him necessarily fails as well. *Id*. Accordingly, the court **WILL GRANT** the motion to dismiss Count Three and **WILL DISMISS** this claim **WITH PREJUDICE**.

**III. CONCLUSION**

The court **WILL DENY** the motion to dismiss the claims against Mr. Burt for lack of standing and **WILL GRANT** the motion to dismiss the claims for failure to state a claim. The court **WILL DISMISS** Counts One, Two, and Three against Mr. Burt **WITH PREJUDICE**.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this October 7, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE